**quinn emanuel** trial lawyers | washington, dc

777 Sixth Street NW, 11th Floor, Washington, District of Columbia  20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8120**

WRITER'S INTERNET ADDRESS
williamburck@quinnemanuel.com

May 27, 2015

<u>VIA ECF</u>

Honorable George B. Daniels
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re:  *United States ex rel. Grabcheski v. American International Group, Inc.*,
10-cv-3902 (GBD) (S.D.N.Y.)

<u>AIG's Opposition to Plaintiff's Request for Additional Pages for Reply in Support of Motion for Leave to Amend</u>

Dear Judge Daniels:

We represent Defendant American International Group, Inc. ("AIG") and write in opposition to Plaintiff's letter dated May 21, 2015 (Dkt. 46), in which Plaintiff seeks an additional 15 pages for his reply in support of his motion for leave to file a Third Amended Complaint. Plaintiff's request should be denied because it rests on a misinterpretation of the relevant facts and procedural posture of this case, and enlargement of his reply brief is not warranted.

On December 22, 2014, AIG filed a motion to dismiss the Second Amended Complaint (Dkt. 29). Pursuant to the so-ordered Scheduling Stipulation (Dkt. 24), Plaintiff had "90 days from the date of such motion" to "oppose any motion to dismiss the Complaint." On March 25, 2015, Plaintiff filed a motion for leave to file a Third Amended Complaint (Dkt. 39), along with a proposed Third Amended Complaint (Dkt. 41-1) and a combined memorandum of law in support of the motion to amend and in opposition to AIG's motion to dismiss (Dkt. 41). On May 12, 2015, AIG filed a 25 page combined memorandum of law, containing its reply in support of the motion to dismiss and its opposition to Plaintiff's motion for leave to file a Third Amended Complaint (Dkt. 44).

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

Contrary to Plaintiff's assertion (Dkt. 46, at 1), AIG did *not* file a motion to dismiss the Third Amendment Complaint that could justify Plaintiff's request for additional pages. AIG intends to file such a motion in the event that leave to amend is granted. But AIG's opposition to the motion to amend—well within the 25-page limit set by this Court—demonstrated that granting leave to amend yet again would be futile in light of the serious and pervasive defects in the proposed Third Amended Complaint. That the proposed Third Amended Complaint is still defective does not entitle Plaintiff to additional pages of briefing beyond the 10 pages set forth by this Court's Individual Rules and Practices.

Moreover, Plaintiff's assertion (Dkt. 46, at 3) that AIG withheld arguments in its motion to dismiss the Second Amended Complaint is meritless. As set forth in AIG's motion to dismiss, the Second Amended Complaint is defective because, among other things, it fails to identify a single provision of law that was allegedly violated, let alone a theory by which AIG violated that hypothetical law. AIG could not address the materiality of the alleged misconduct, or whether the provisions of law at issue were objectively clear in prohibiting the alleged misconduct, until Plaintiff belatedly provided additional allegations on these points.

Likewise, AIG's motion to dismiss did not address the Consent Order between MetLife and the Department of Financial Services as part of its public disclosure bar argument, because the Second Amended Complaint did not copy and paste from that document in the manner that the Third Amended Complaint does. Importantly, Plaintiff now admits that the allegations in the Second Amended Complaint are in fact based on the MetLife-Department of Financial Services Consent Order (Dkt. 46, at 4 (citing Second Amended Complaint ¶¶ 52–65)), and therefore has effectively conceded that his claim is precluded by the public disclosure bar. *See* Dkt. 44 at 5–8, 12-13. Regardless of whether AIG addressed the MetLife Consent Order in its motion to dismiss, Plaintiff's concession deprives this Court of jurisdiction and mandates dismissal. *See* 31 U.S.C. § 3730(e)(4)(A) (2006).

In short, Plaintiff has not articulated any legitimate basis for his request for an enlarged reply brief. AIG respectfully requests that Plaintiff's request be denied.

Respectfully submitted,

/s/ William A. Burck
William A. Burck