**MANDATE**

16-1516
*Grabcheski v. AIG*

N.Y.S.D. Case #
10-cv-3902(GBD)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

     At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand seventeen.

Present:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
>     *Circuit Judges.*

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** June 09, 2017

ALEX GRABCHESKI,

> *Plaintiff-Appellant*,

ABC, UNITED STATES OF AMERICA, *ex rel.* Alex Grabcheski,

> *Plaintiffs*,

           v.                                            16-1516

AMERICAN INTERNATIONAL GROUP, INC.,

> *Defendant-Appellee,*

DEF,

> *Defendant.*

1

| | | |
|---|---|---|
| For Plaintiff-Appellant: | | MAX MACCOBY (Neal Goldfarb, *on the brief*), Butzel Long, P.C., Washington, DC |
| For Defendant-Appellee: | | WILLIAM A. BURCK (Michael B. Carlinsky, Daniel R. Koffman, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Alex Grabcheski ("Grabcheski") appeals from the judgment of the United States District Court for the Southern District of New York, denying his motion for leave to file a third amended complaint and dismissing his False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, case against Defendant-Appellee American International Group, Inc. ("AIG") with prejudice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing a district court's dismissal for lack of subject-matter jurisdiction, we review legal questions *de novo* and factual findings for clear error. *Georges v. United Nations*, 834 F.3d 88, 92 (2d Cir. 2016). We likewise review dismissal for failure to state a claim *de novo*. *In re Actos End-Payor Antitrust Litig.*, 848 F.3d 89, 97 (2d Cir. 2017). While we review the denial of leave to amend for abuse of discretion, we review *de novo* where that denial is based on a legal determination, *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014), *e.g.*, futility, *Panther Partners Inc. v. Ikanos Commcn's, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

**A. Subject-Matter Jurisdiction**

The district court addressed subject-matter jurisdiction only in a footnote and did not explicitly find that it lacked jurisdiction by operation of the public disclosure bar in place at the time the case was filed. *See* 31 U.S.C. § 3730(e)(4)(A) (2009). We nonetheless find that the district court had jurisdiction to consider Grabcheski's FCA claim. The press releases and reports AIG cited before the district court did not disclose the essential elements of the claim, *see, e.g.*, *U.S. ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 103 (2d Cir. 2010), *rev'd on other grounds*, 563 U.S. 401 (2011), namely that its subsidiaries American Life Insurance Co., Inc. ("ALICO") and American International Assurance Ltd. ("AIA") were conducting a domestic insurance business and that AIG knowingly misrepresented in its debt-reduction agreements (the "Agreements") with the Federal Reserve Bank of New York ("FRBNY") that these subsidiaries were duly licensed to conduct such business. Further, the consent orders AIG, ALICO, and AIA entered into with the New York Department of Financial Services post-date the First Amended Complaint, in which Grabcheski pleaded his current FCA theory. We therefore need not reach the question whether Grabcheski was an "original source" of the material elements of his claim. 31 U.S.C. § 3730(e)(4)(A) (2009).

**B. Failure to State a Claim**[1]

On the merits, we find that Grabcheski has failed adequately to allege an FCA claim. Under the FCA, any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government" is liable for a civil penalty. 31 U.S.C. § 3729(a)(1)(G). We affirm because,

---

[1] We consider, as the district court did, whether the allegations of Grabcheski's proposed Third Amended Complaint state a claim under the FCA.

3

even assuming *arguendo* that Grabcheski has sufficiently alleged knowing "false . . . statement[s]" with the particularity required by Federal Rule of Civil Procedure 9(b), *see Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 2004 n.6 (2016); *accord U.S. ex rel. Grupp v. DHL Worldwide Express, Inc.*, 604 F. App'x 40, 42 (2d Cir. 2015) (summary order), he has not plausibly pled that they were material.

The FCA defines materiality as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4). Therefore, in assessing materiality, we "look to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation." *Universal Health Servs.*, 136 S. Ct. at 2002 (alterations omitted) (quoting 26 Richard A. Lord, Williston on Contracts § 69:12 (4th ed. 2003)). Materiality must be pleaded with particularity under Rule 9(b). *See, e.g., id.* at 2004 n.6; *Minzer v. Keegan*, 218 F.3d 144, 151 (2d Cir. 2000).

The district court correctly concluded that Grabcheski failed adequately to allege that the Agreements would have been different absent the alleged misrepresentation. Grabcheski claims that ALICO and AIA were worth "at least $100 million less" than they appeared given their domestic insurance business.[2] J.A. 397. Yet, as Grabcheski also alleged, FRBNY entered the Agreements here as part of an effort "to avoid a total financial panic and collapse." J.A. 355. It is therefore unsurprising that the Agreements were tilted towards AIG; in exchange for a $25 billion reduction in AIG's debt, FRBNY accepted equity interests in ALICO and AIA

---

[2] Grabcheski's suggestion on appeal that we should not limit our analysis to this figure because "there is no necessary limit on how much more than $100 million [the overvaluation] might be," Appellant's Br. at 57, is meritless. Grabcheski provides no factual support for assigning any specific value to the misrepresentations at issue, and a Relator cannot meet a materiality threshold under Rule 9(b) by simply claiming that the fraudulent statements at issue were of immeasurable value.

4

purportedly worth only $24.4 billion, or 2.4% less than the corresponding debt reduction. Given this posture, and even assuming that Grabcheski's $100 million figure is backed by sufficient allegations, he has failed to allege with particularity facts that demonstrate how that difference in value—only 0.4%—was likely to have had any effect on the Agreements. *See Universal Health Servs.*, 136 S. Ct. at 2003 ("Materiality . . . cannot be found where noncompliance is minor or insubstantial."). Grabcheski has therefore not plausibly pleaded materiality.

**C. Denial of Leave to Amend**

While Federal Rule of Civil Procedure 15(a)(2) requires district courts to freely grant leave to amend "when justice so requires," a district court may nonetheless decline to grant such leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine*, 758 F.3d at 505 (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Given the Third Amended Complaint failed to state a claim under the FCA, the district court did not abuse its discretion in denying as futile Grabcheski's motion for leave to file that complaint. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("When the plaintiff has submitted a proposed amended complaint, the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted."); *accord Brinn v. Syosset Pub. Library*, 624 F. App'x 47, 48–49 (2d Cir. 2015) (summary order).

The district court also did not abuse its discretion in dismissing the case with prejudice. Even if materiality was not explicitly challenged by AIG until after it filed its motion to dismiss, ignorance is no excuse for a repeated failure to plead a plausible FCA claim with particularity. It was thus not an abuse of discretion to deny Grabcheski a *fifth* bite at the apple. *See, e.g., U.S.*

5

*ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28–29 (2d Cir. 2016) (affirming denial of leave to amend where the Relator "was fully aware of the Rule 9(b) challenges to his pleading," yet his second amended complaint "failed to cure the . . . deficiencies"); *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (affirming denial of leave to file third amended complaint because of "repeated failure to cure the deficiencies in [the] pleadings"); *cf. Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 636–37 (2d Cir. 1967) ("The new information alleged in the complaint was within plaintiff's knowledge before argument of the motion to dismiss the first amended complaint . . . . Thus, one basis for denial of leave to amend was the bad faith of appellant in waiting to see how he would fare on the prior motion to dismiss.").

\* \* \*

We have considered Grabcheski's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6